## ROCKHILL v DAYTON (city)

Ohio Appeals, 2nd Dist, Montgomery Co

No 1076. Decided Dec 21, 1931

John R. Hoover, Dayton, for plaintiff in error.

Franklin G. Krehbiel, Dayton, for defendant in error.

KUNKLE, J.

The plaintiff in error called Dr. E. J. Duffey who testified that he attended the plaintiff in error on the night in question within a comparatively short time before his arrest and found plaintiff in error in a semi-comatose condition; that he obtained a history of the case and found plaintiff in error suffering from carbon monoxide gas poisoning, which was the result of his working with his automobile in the garage with closed doors. Dr. Duffey testifies in some detail as to the effects of such poisoning producing a drunken condition and that the symptoms were quite similar to those resulting from intoxication from the use of whisky. Plaintiff in error called other witnesses who testified to substantially the same state of facts. Plaintiff in error claims that shortly after the Doctor left he started out in his car to be in the open air for the purpose of recovering from this monoxide gas poisoning.

The case was submitted to a jury and it is apparent from the record that the sole question for the determination of the jury was as to whether the apparent drunken condition of the plaintiff in error was the

result of the use of whisky or was caused by monoxide gas poisoning. There is not much conflict in the testimony as to the conduct and actions of the plaintiff in error being clearly those of a man drunk from some cause. The jury found plaintiff in error guilty as charged.

As above suggested the only question that counsel for plaintiff in error in their rather exhaustive briefs have stressed relates to the refusal of the trial court to give a special charge that was presented to the jury before the argument of counsel.

This relates to the fifth ground of the petition in error which is as follows:

"(5) For refusing to give the special charge to the jury which counsel for the defendant in the Municipal Court of Dayton offered and asked the court to give."

The record at page 81 shows the following:

"The plaintiff and defendant both having rested.

"At this time a special charge is presented to the court by counsel for defense with instructions to read it to the jury; the special charge is refused by the court, and not read for the reason that the special charge cites the State law and this case is being tried under the City Ordinances.

To which counsel for defense excepted to the refusal of the court to read the special charge to the jury."

The exception of counsel for plaintiff in error was taken to the refusal of the court to read the special charge to the jury. The trial court refused the charge upon the ground that it was based upon the statute and not upon the Ordinances of the City of Dayton under which the plaintiff in error was being tried. The lower court was correct in this respect. The attention of counsel for plaintiff in error by the ruling of the court was called to the defective condition of the special charge and no offer was made by counsel for plaintiff in error to correct the charge in the respects pointed out by the trial court. No request was made at conclusion of the general charge for any additional instruction. The special charge is not made a part of the bill of exceptions for this court to review. The same should be made a part of the bill of exceptions and fall within the certificate of the trial court.

We find, however, among the papers in the case what purports to be the charge in question. The question however is not properly before us for review.

Counsel for plaintiff in error concede that in a criminal case the rule is different from that in a civil case in reference to special charges. From an examination of the record we find nothing therein which, in our opinion, would constitute prejudicial error. The judgment of the Court of Common Pleas will therefore be affirmed and cause remanded for further proceedings according to law.

ALLREAD, PJ, and HORNBECK, J, concur.